### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.　　　　　　　　　　　　　　　　Civil No. 05-cv-427-JM

<u>$16,000.00 U.S. Currency</u>

### **O R D E R**

Daniel Sodoyer, by letter and by motion, seeks post-judgment relief to set aside the order of forfeiture and to file a late claim.  Document nos. 14 and 18.  Plaintiff objects.

<u>Background</u>

This is a forfeiture case alleging that $16,602.00 are subject to forfeit as drug related.  There is no doubt that Sodoyer received actual notice of the forfeiture action on February 27, 2006, and that he knew that he had thirty (30) days in which to file his claim and twenty (20) days thereafter in which to file an answer.  There is also no doubt that he failed to do so.  As a consequence judgment was entered.  His motion is treated as a motion under Fed. R. Civ. P. 60(b) for post-judgment relief since judgment was entered before the motions were filed.

<u>Discussion</u>

Claimant Sodoyer does not meet any of the criteria

enumerated under Rule 60(b).  He had two and one-half weeks to make a claim after service and before SHU.  Additionally, SHU inmates can receive legal materials upon request.  Finally, as to Rule 60(b)(1) the notice served on him specified what he had to do and by when.  Rule 60(b)(1)'s excusable neglect permission is unavailing.

Rules 60(b)(2) – 60(b)(5) are inapplicable on their face.  Rule 60(b)(6)'s "exceptional circumstances" also provided no relief.  Sodoyer would be unlikely to prevail, he had two and one-half to three weeks to file his claim after his certified notice and before he was lugged to SHU.  Many SHU inmates file here and the court is aware that the Concord, as opposed to the Berlin, law librarian is very responsive and helpful to all inmates, including those in SHU.

The motions (document nos. 14 and 18) are denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 3, 2006

cc:   Robert J. Rabuck, Esq.
      Daniel Sodoyer, *pro se*